not violate plaintiffs' First Amendment rights.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, LOCAL LODGE 2318, Plaintiff,

v.

CABLEC CORPORATION, Defendant.

Civ. A. No. 85–0371–P(J).

United States District Court,
W.D. Kentucky,
Paducah Division.

June 8, 1987.

Karen Alderdice, James W. Owens, Chartered, Paducah, Ky., for plaintiff.

John G. Creech, Wade E. Ballard, Haynsworth, Baldwein, Miles, Johnson, Greaves & Edwards, Greenville, S.C., Steve Jackson, Peck, Jackson & Jackson, Paducah, Ky., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, Chief Judge.

This case is before the court on cross motions for summary judgment. Jurisdiction exists under 29 U.S.C. § 185; 28 U.S.C. § 1331.

Plaintiff union filed this case to compel defendant Cablec to arbitrate grievances which were filed by members of the union. In October 1985 defendant Cablec purchased the Essex Power Conductor Division facility in Paducah, Kentucky, and negotiated a collective bargaining agreement with the plaintiff union. This agreement contained a grievance procedure, with binding arbitration as a final step. When Cablec began operating the old Essex facility, it rehired 113 of the 198 former Essex employees.

Plaintiff filed a grievance on behalf of several of the former Essex employees, claiming defendant violated the collective bargaining agreement by failing to hire all Essex employees and by failing to abide by the seniority provisions of the agreement. Defendant rejected the grievances and refused to proceed to arbitration. Plaintiff then filed this suit to compel arbitration.

In opposing this action, Cablec claims that plaintiff union lacks standing to bring this action, because the individual grievants involved were never hired by Cablec, and thus, were never a party to the collective bargaining agreement. Cablec also claims

that this dispute is specifically excluded from the arbitration agreement.

Having examined the collective pertinent provisions of the collective bargaining agreement and the arguments raised by the parties, the court finds that this particular dispute was specifically excluded from the arbitration provision of the agreement, and therefore, this argument is dispositive of the case.

In determining whether parties have agreed to submit disputes to arbitration, the court first examines the arbitration clause. In this case, the appropriate clause provides as follows:

> If any controversy or dispute arises over the meaning of the terms of the Agreement or concerning conditions of employment established by the Agreement, or whether a discharge, suspension or other disciplinary action is for just cause, such controversy shall be regarded as a grievance and shall be taken up in accordance with the following procedures.

1985 Collective Bargaining Agreement, Art. 12.

When faced with a broad arbitration clause such as the one in this case, a presumption in favor of arbitration arises, such that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986). In addition, absent express provisions excluding particular types of grievances from arbitration, "only the most forceful evidence to exclude the claim from arbitration can prevail." *Id.*

The court then examines the agreement for exclusions from arbitration requirements. In this case, paragraph 8 of Article XII provides: "The Company's Action on any matter within its rights of Management shall not be subject to arbitration unless it violates a provision of this Agreement." The rights of management are further defined in Article VI of the agreement:

> It is further recognized that it is the sole responsibility of the management of the Company for selection, direction, size and makeup of the work force, including the right to hire, discharge, suspend and otherwise impose discipline for just cause; ...

Thus, in this case, it appears that the parties specifically excluded managerial decisions such as hiring from the duty to arbitrate, unless it appears that the managerial decision violates a provision of the agreement.

In this case, plaintiff claims that defendant violated an agreement to hire all former Essex employees, and in support, relies on Attachment 1 to the Agreement, Ex. 8, which provides as follows:

> Items covered in this Agreement will apply to previous active Essex, Paducah, Kentucky employees *who are offered* employment with Cablec.... (emphasis added).

Plaintiff claims that this provision of the agreement binds defendant to hire all former Essex employees, and relies on an affidavit of a union official to support its interpretation. Defendant claims that the above provision does not require that all former employees be hired, but rather explains the applicability of the post-Essex agreement to former Essex employees whom defendant chooses to hire. Defendant also objects to the admissibility of the affidavit, as violative of the parol evidence rule.

Courts have considered evidence outside the parameters of collective bargaining agreements when attempting to interpret the parties' intent. In *International Association of Machinists and Aerospace Workers Lodge No. 1194 v. Sargent Industries,* 522 F.2d 280 (6th Cir.1975), the court considered parol evidence in determining the meaning of a pension plan and collective bargaining agreement. Relying on *Transportation Union v. Pacific R.R.,* 385 U.S. 157, 87 S.Ct. 369, 17 L.Ed.2d 264 (1966), and *United Steelworkers v. Ameri-*

*can Mfg. Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), the court stated:

> ■t is proper to look to parol evidence when interpreting collective bargaining agreements.... Words in a collective bargaining agreement, rightly viewed by the Court to be the charter instrument of industrial self-government, like words in a statute, are to be understood only by reference to the background which gave rise to their inclusion.

522 F.2d at 282.

■ Thus, it is proper to consider the affidavit offered by the plaintiff in determining whether the parties intended to arbitrate this dispute. However, the court will not utilize the affidavit to rule on the merits of the underlying dispute. The affidavit of James McGuire, president of the local plaintiff union, states that plaintiff union negotiated the collective bargaining agreement on behalf of all its members and that the parties never discussed the ability of Cablec to staff its facility by disregarding the Essex seniority system and some Essex employees. However, this affidavit contains no information concerning whether the arbitration provision of the agreement applies to this situation.

■ The collective bargaining agreement clearly exempts from arbitration management decisions such as hiring and firing. In addition, the disputed provision which rendered the agreement applicable to Essex employees "who are offered employment with Cablec" is not applicable to this situation. This dispute concerns employees who were not offered employment, and plaintiff offers no other evidence to indicate that the language of the agreement could be interpreted as requiring defendant to hire all former Essex employees. Plaintiffs present no written evidence in the agreement to support a finding that the disputed clause applies to this situation. Furthermore, plaintiffs present no evidence other than the above-disputed clause to support enforcement of arbitration in this particular situation. Therefore, plaintiff's suit to compel arbitration must fail.

The language of the collective bargaining agreement is clear and unambiguous, and this court finds with positive assurance that the above dispute was specifically excluded from the arbitration requirements.

An appropriate order shall accompany this memorandum opinion.